## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| LOACHAPOKA WATER AUTHORITY, INC. AND CPR WELL, LLC; **Plaintiffs,** | ) ) ) ) ) | |
| vs. | ) ) | Case No.: 3:26-cv-00376 |
| 3M COMPANY, et al. | ) ) | |
| **Defendants.** | ) | |

### PLAINTIFFS' MOTION TO RECONSIDER

COME NOW, Plaintiffs Loachapoka Water Authority, Inc. and CPR Well, LLC (collectively "Plaintiffs") and respectfully request that this Honorable Court reconsider its Order granting Defendant 3M Company's ("3M") Motion to Stay. (*See* Doc. 31). Plaintiffs are not seeking anything more than for this Court to rule on the merits of its Motion to Remand (Doc. 18) as the Court has already determined that 3M must Show Cause as to why Plaintiffs' Motion to Remand should not be granted. (Doc. 19). As set out in Plaintiffs' Response in Opposition to 3M's Motion to Stay, this Court has the ability to preserve the resources of the parties, the JPML, and the District of South Carolina by ruling on Plaintiffs' well-founded Motion to Remand.

1.      In *Ret. Sys. of Alabama v. J.P. Morgan Chase & Co.*, 285 B.R. 519 (M.D. Ala. 2002), this Court addressed a nearly identical procedural position that the Court has in front of it in this case. Pending before the Court were plaintiff's

1

motion to remand and defendants' motion to stay the case pending a transfer decision from the JPML. 285 B.R. at 520. As in this case, the Court in *Ret. Sys. of Alabama* had already entered an order directing the defendants to show cause as to why the case should not be remanded. *Id*.

Despite the defendants' argument that the case should be stayed pending a decision on transfer from the JPML, the Court was not convinced. *Id*. at 522. This Court held:

> Under Eleventh Circuit jurisprudence, "**a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings**." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). **Because [Plaintiff]'s Motion to Remand … directly addresses the question of subject matter jurisdiction, the court will address that motion first in accordance with Eleventh Circuit guidance**. *Accord Merrill Lynch,* 209 F.Supp.2d at 1261 (deciding first the question of subject matter jurisdiction in the motion to remand instead of the motion to transfer).

*Id*. (emphasis added).

2.     This Court's decision in *Ret. Sys. of Alabama* is directly in line with authority from other Alabama federal courts which have held that, when "[d]efendants ask the Court to defer ruling on [a plaintiff's] motion to remand and/or otherwise stay … proceedings pending [a] decision from the JPML … the court should review the merits of the remand." *Mobile Cnty. Bd. of Health v. Sackler*, No. CV 1:19-01007-KD-B, 2020 WL 223618, at *3 (S.D. Ala. Jan. 15, 2020). This is because "no party has a right to remain in federal court when subject matter

2

jurisdiction is plainly lacking." *Betts v. Eli Lilly & Co.*, 435 F. Supp. 2d 1180, 1184 (S.D. Ala. 2006).

3.      This Court has the power to rule on Plaintiffs' Motion to Remand now, preserving the time and resources of the parties, the JPML, and the District of South Carolina. Plaintiffs' Motion to Remand does not involve a complicated legal analysis of the federal officer removal statute—instead, Plaintiffs only argue that 3M has failed to show that its factual basis for federal officer removal is relevant to any of Plaintiffs' claims.

4.      3M's constant battling over procedure—in this Court and in front of the JPML—rather than arguing the merits of federal jurisdiction illustrates Plaintiffs' position that this case has no business in federal court. Plaintiffs respectfully request that 3M's improper removal of this case without a proper factual basis not be rewarded, and that this Court consider Plaintiffs' well-founded Motion to Remand.

Respectfully submitted this 3rd day of June 2026.

**FRIEDMAN, DAZZIO & ZULANAS, P.C.**

| | |
|---|---|
| 3800 Corporate Woods Drive | */s/ Matt Conn* |
| Birmingham, AL 35242 | MATT CONN (CON062) |
| Phone: 205-278-7000 | LEE PATTERSON (PAT060) |
| mconn@friedman-lawyers.com | MADISON LAKES (GIT002) |
| lpatterson@friedman-lawyers.com | ETHAN WRIGHT (WRI082) |
| mlakes@friedman-lawyers.com | **Counsel for Plaintiffs** |
| ewright@friedman-lawyers.com | |

**RILEY & JACKSON, P.C.**

3530 Independence Drive
Birmingham, AL 35209
Phone: (205)-879-5000
kj@rileyjacksonlaw.com

_/s/ Keith Jackson_
KEITH JACKSON (JAC067)
**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of June 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will notice all registered parties.

_/s/ Matt Conn_
OF COUNSEL

4